# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>DAVID REINALDO ZAMORA-CARDENAS,<br><br>　　　　　　　　　　Defendant. | Case No. 20-cr-02723-BAS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 60)** |

　　　The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

　　　Based these amendments, Defendant David Reinaldo Zamora-Cardenas now files a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 60.) This Court referred the case to the Federal Defenders Office for an evaluation. (ECF No. 62.)

Federal Defenders has now filed a status report concluding "the Court can decide the motion on the existing records without further assistance of counsel." (ECF No. 64.)

Defendant's guideline range after he pled guilty to importation of methamphetamine was 168–210 months. He was a zero-point offender, so, under the new guideline calculations, an additional two-point departure in base offense level would be appropriate, bringing his guideline range to 135–168 months.

However, at sentencing, the Court departed downward for "fast track" because Defendant pled guilty early and waived his right to appeal. The Court then varied further from the guideline range and sentenced Defendant to 71 months in custody. (ECF No. 59.) This 71-month sentence would still be below Defendant's guideline range of 135–168 months even after the guideline amendments are applied.

Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence—because of an amended guideline—to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 135 months. Since the Court sentenced Defendant to a lower sentence of 71 months and the same Section 3553(a) factors apply that warranted this sentence in the first place, Defendant is not entitled to a reduced sentence.

Therefore, Defendant's Motion to Reduce Sentence (ECF No. 60) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 19, 2024**

Hon. Cynthia Bashant
United States District Judge